UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAKESIDE 370 L.L.C., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10CV948 HEA |
| ) | |
| REGIONS BANK, a/k/a REGIONS ) | |
| BANK, INC., and GB TRUSTEE ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 26]. Defendant Regions Bank opposes the Motion. For the reasons set forth below, the Motion is granted.

## Procedural Background

Plaintiffs file this action in the Circuit Court for the County of St. Charles, Missouri, on May 5, 2010. At that time, Defendant Regions Bank, a/k/a Regions Bank, Inc., an Alabama corporation, (Regions), was the sole defendant. Regions removed the case on May 25, 2010, based upon the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332.

On July 20, 2010, Plaintiffs filed a First Amended Complaint. The First Amended Complaint added Defendant GB Trustee Services, Inc., (GB), a Missouri

corporation, as a party defendant.  Plaintiffs now move for remand due to the lack of complete diversity of citizenship.  Defendant Regions does not dispute GB's citizenship, rather, it argues that GB was fraudulently joined to defeat diversity.  Both Regions and GB have filed motions to dismiss based on fraudulent joinder.

## Factual Background

Plaintiffs' First Amended Complaint alleges the following: In 2006, Plaintiffs were discussing long-term financing for the multi-year development of commercial real estate with several potential lenders.  Representatives of Regions represented to Plaintiffs that Regions was interested in, and intended to, provide long-term financing for Plaintiffs' multi-year development projects.  Plaintiffs allege that Regions interfered with their business expectancies from their commercial developments of real estate; fraudulently induced Plaintiffs into entering into the loans based on the false representation that Regions recognized that the projects were multi-year projects and that Regions was interested in and intended to provide long-term financing for the projects; and breached its duty of good faith and fair dealing.  Plaintiffs further allege that both defendants wrongfully foreclosed on the Mid-Rivers property and breached their fiduciary duties to Plaintiffs.

The original debt on the Mid-Rivers Retail Development was Seven Million

Nine Hundred Thousand Dollars ($7,900.00.00).  This loan became due on June 30, 2009.  Plaintiffs continued to make payments on the loan.  On February 4, 2010, the bank sent a letter requesting all amounts due under the note.  The letter advised Plaintiffs that if the debt was not paid within five days, the bank would its legal remedies.  Plaintiffs stopped making payments after receiving the letter.  Plaintiffs claim they could not obtain alternative financing to pay off the loan because of the recession in commercial real estate lending.

The original foreclosure sale was set for June 17, 2010.  Regions continued the sale to July 16, 2010 to allow Plaintiffs time to obtain refinancing or to sell the property.  Plaintiffs were unsuccessful in selling the property and failed to secure refinancing, and Regions commenced the foreclosure proceeding.

GB is the successor trustee and executed the foreclosure sale.  Regions was the only bidder and bid less than what Plaintiffs claim is the value of the property.  Plaintiffs allege GB executed the sale in a commercially unreasonable manner by allowing Regions to bid less than the value of the property and for failure to account for the 2.5 million in anticipated Community Improvement District funds that add to the value of the property.   Plaintiffs allege that the property was worth at least 8.5 million, which is greater than the amount that was owed to Regions.  Plaintiffs further allege that GB and Regions foreclosed with the secret intention

of bidding a sum less than the value of the property, thereby creating a deficiency for which Regions would hold Mid-Rivers and the Mid-Rivers guarantors liable. Plaintiffs allege that GB and Regions acted with the intention of creating a profit at the expense of Mid-Rivers and the Mid-Rivers guarantors.

## Discussion

### Wrongful Foreclosure

Under Missouri law, a plaintiff may bring a wrongful foreclosure action either as a suit in equity to set aside the sale, or as a suit at law to recover money damages. *Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortg.*, 259 S.W.3d 19, 22 (Mo.Ct.App.2008). The term "wrongful foreclosure" has been used both in relation to suits in equity as a ground to set aside a sale and suits at law as a ground to recover tort damages. However, what constitutes a "wrongful foreclosure" sufficient to set aside a sale and what constitutes a "wrongful foreclosure" sufficient to recover damages in tort are not the same. This analysis turns on the required elements for a tort action, since Plaintiffs' wrongful foreclosure claims seek damages for the alleged wrongful foreclosure. Plaintiffs' claims attempt to state a legal claim sounding in tort for the allegedly wrongful

foreclosure.[1]

"A tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced." *Fields v. Millsap & Singer, P.C.,* 295 S.W.3d 567, 571 (Mo.Ct.App.2009). "If the right to foreclose existed, no tort cause of action for wrongful foreclosure can be maintained." *Id.* Therefore, a plaintiff "seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Id.; see also Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortgage Corp.,* 259 S.W.3d 19, 22 (Mo.Ct.App.2008) (holding there can be "no tort cause of action for wrongful foreclosure when there is a right to foreclose").

Plaintiffs have failed to state a legal claim for wrongful foreclosure. Plaintiffs do not plead that they were not in default. To the contrary, the Amended Complaint clearly sets out that Plaintiffs ceased making payments on the note once they received the letter demanding the entire amount, and that the entire amount was due. Plaintiffs argue, rather that the wrongful acts they did allege are

---

[1] The Amended Complaint does not seek to set aside the foreclosure sale, therefore there is no claim in equity for wrongful foreclosure.

- 5 -

sufficient to state a cause of action for wrongful foreclosure.  However, plaintiffs fail to recognize that the claim is brought as a tort action, and not in equity to set aside the foreclosure sale, and therefore, they fail to state a tort claim for wrongful foreclosure.  For reasons stated hence this Court does not, however, dispose of this claim.

**Breach of Fiduciary Duty by GB**

A fiduciary relationship exists between the trustee of a deed of trust and the debtor and creditor.  *Spires v. Edgar,* 513 S.W.2d 372, 378 (Mo. banc 1974).  The trustee is considered to be the agent of both the debtor and creditor and should perform the duties of the trust with impartiality and integrity.  *Edwards v. Smith,* 322 S.W.2d 770, 777 (Mo.1959).   Plaintiffs allege that Regions and GB secretly planned to make a profit from failing to include the anticipated CID funds.  While the Court recognizes that a bid less than the value of the property is usually insufficient to establish a breach of fiduciary duty, coupled with the allegations of the secret intentions of Regions and GB, Plaintiffs have, at this stage of the litigation, set forth sufficient allegations to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).   The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

**Conclusion**

Based upon the foregoing analysis, Plaintiffs have sufficiently alleged a claim for breach of fiduciary duty against GB. Because GB is a Missouri citizen, as are Plaintiffs, the Court lacks diversity jurisdiction, and this matter must be remanded to the Circuit Court for the County of St. Charles, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 26] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the County of St. Charles, Missouri.

Dated this 31st day of March, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE